**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

JAMES RYDER,

          Plaintiff,

v.                                                              Case No. 18-10760

BEAUMONT HEALTH, INC.,

          Defendant.
_____/

**OPINION AND ORDER POSTPONING RULE 26(f) CONFERENCE
AND ORDERING THE PARTIES TO MEET AND CONFER AND REPORT**

Presently before the court is Defendant's "Motion to Strike All Class Allegations in Plaintiff's Complaint." (Dkt. #8.) Defendant moves under Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D) for an order striking Plaintiff's class allegations. Plaintiff's response to the motion is not yet due. (*See* Dkt. #12.) In light of the pending motion—and of the impact that the court's decision will have on the timing and scope of discovery in this case—the court cancelled the scheduling conference previously set for July 10, 2018. It will postpone the scheduling conference until resolution of the motion to strike. The court, however, strongly encourages the parties to conduct discovery by agreement on Plaintiff's individual claims unrelated to the class.[1]

---

[1] The parties have informed the court that, if the court denies class treatment and the case proceeds on an individual basis, they anticipate 8 months of discovery on Plaintiff's individual claims (Dkt. #13 Pg. ID 113)—a timeline that strikes the court as inordinately long for an individual claim of this kind. After resolution of the pending motion to strike, and in deciding how much discovery time to allow, the court will inquire as to what diligent efforts have been made on discovery as to Plaintiff's individual claims.

The court has reviewed Defendant's motion to strike and will also order the parties to confer as to whether the motion is properly presented under Rule 12(f).

Rule 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The court has considerable discretion in deciding whether to strike under Rule 12(f). *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). The court may strike allegations as "scandalous," for example, where they "bear[] no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Dist. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Federal Rule of Civil Procedure 12(c), on the other hand, provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court reviewing a motion for judgment on the pleadings assumes that all well-pleaded factual allegations of the nonmoving party are true; but the court need not accept as true "legal conclusions or unwarranted factual inferences." *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (internal quotation omitted). Judgment on the pleadings is awarded "only if the moving party is . . . clearly entitled to judgment." *Id.* (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

The court is uncertain how class allegations would qualify as "redundant, immaterial, impertinent, or scandalous matter" such that they could be stricken under Rule 12(f). And nothing in Defendant's motion indicates why Rule 12(f)—as opposed to some other mechanism—is the appropriate vehicle by which this court should strike Plaintiff's class allegations. Indeed, Defendant's motion relies heavily on this court's

opinion in *Green v. Liberty Ins. Corp.*, No. 15-10434, 2016 WL 1259110, at *1 (E.D. Mich. Mar. 30, 2016) (Cleland, J.)—an order that was made on a Rule 12(c) motion for judgment on the pleadings, not a Rule 12(f) motion to strike.

Rather than order further briefing or risk a dispute amongst the parties as to Rule 12(f)'s suitability for this motion, the court will order the parties to meet and confer on the issue. Accordingly,

IT IS ORDERED that the scheduling conference in this matter will be POSTPONED until the court has decided Defendant's motion to strike (Dkt. #8). This order in no way prejudices the parties' ability to conduct discovery by agreement as to Plaintiff's individual allegations.

IT IS FURTHER ORDERED that counsel meet and confer in good faith no later than **July 16, 2018** regarding the issues described herein. Counsel is further ORDERED to file a joint report no later than **July 17, 2018** explaining their joint view for how the motion to strike should be handled going forward. The court envisions a few forms that joint report might take:

- A stipulation that the court should analyze Defendant's motion to strike under Federal Rule of Civil Procedure 12(c), but that Defendant does not need to refresh its papers;

- A stipulation that the motion should be analyzed under Rule 12(c), and Defendant will withdraw its motion without prejudice, refresh and refile it;

- A statement that Defendant remains persuaded that Rule 12(f) is the correct standard and setting a response deadline for Plaintiff; or

- Some other alternative stipulation.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: July 12, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 12, 2018, by electronic and/or ordinary mail.

<u>s/Lisa Wagner</u><br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

Z:\Cleland\KNP\Civil\18-10760.RYDER.Postpone.26f.Order.Meet.and.Confer.KNP.docx